## E. M. ANDERSON v. D. C. WARRICK.

**Excessive Verdict — Remittitur.**

> On appeal by a defendant in an action for damages for breach of a contract, and it appears that the verdict is grossly excessive, the court will require a *remittitur* of the excess as a condition of the affirmance.[1]

Suit by appellee, Warrick, against appellee, Mrs. E. M. Anderson, for damages for breach of a contract. From a verdict and judgment for plaintiff for $1,105.85 defendant appeals.

On February 9, 1881, Mrs. E. M. Anderson made a contract, in writing, with D. C. Warrick to manage and control her plantation, and for his services agreed to give him the use of one hundred

---

[1]

Counsel have power to enter a *remittitur*. Pickett v. Ford, 4 How. 246.

Where the judgment is for a greater sum than the damages claimed in the declaration, the defendant in error may cure the defect by releasing the excess in the high court. And on entering such *remittitur*, the court will reverse the judgment below, and enter judgment for the proper amount. Hurd v. Germany, 7 How. 675.

An assignee in bankruptcy who becomes a party to an attachment sued out against the bankrupt before his adjudication may, after the attachment is defeated, recover damages on the bond in right of the bankrupt, and if the damages are excessive, he has power to enter a *remittitur*. Darcy v. Spivey, 57 Miss. 527.

Where the Circuit Court, deeming a verdict excessive, announces that it will set aside and award a new trial, unless a *remittitur* is entered, whereupon plaintiff remits, but excepts to the action of the court as coercive, he is concluded by his election, and cannot assign the action of the court for error. Railway Co. v. Davis, 69 Miss. 444; 13 So. 693.

The Supreme Court, in considering a motion for a new trial on the ground that the verdict is excessive, and having determined that it is, on a *remittitur* being entered for the amount of the excess, will render judgment for the correct amount. Dean v. Tucker, 58 Miss. 487.

On appeal by defendant from a judgment against a railroad company for the value of animals negligently killed, where the verdict and judgment is in excess of the highest estimate of value by any of the witnesses, this court will, as a condition of affirmance, require a *remittitur* of all in excess of the lowest estimate of such value. Railroad Co. v. Jarrett, 59 Miss. 470.

Where a judgment covering several distinct demands, originating in the justice of the peace court, is appealed from to the Supreme Court, and found correct as to only one of the demands, but void as to the others for want of

acres of land and the dwelling house on the place. The contract was for five years. Warrick took possession of the place and began to improve and cultivate it and did make a crop on the one hundred acres in 1881, and in February, 1882, he was notified by Mrs. Anderson that his services were not needed any longer. Warrick brought this suit to recover damages for the breach of that contract. By the agreement, Mrs. Anderson was to pay for necessary fencing, cabins, nails and wire; the expense to be paid as follows: One-third out of the rents from the place the first year, the remainder out of the rents during the other four years. Plaintiff filed a bill of particulars of the amounts he expended in making improvements and his damages. Defendant pleaded the general issue, payment, and filed a setoff and pleads a prior breach of the contract by plaintiff, in that he agreed to bring ten hands on the place and did not do it.

On the trial plaintiff testified as follows: He was employed to manage defendant's plantation, as set out in the written contract; the place was in bad repair, the cabins being rotten and the fences all gone; that he built four cabins, worth $25 each, repaired one

---

jurisdiction over them, and it is impossible to ascertain what part of the costs in the lower court pertains to the claim that is sustained, the Supreme Court will not allow a *remittitur* because it cannot know how to justly apportion the costs. Railroad Co. *v.* McCallister, 66 Miss. 106; 5 So. 695.

Where an appellee has improperly recovered judgment, and his right to any recovery is doubted, the Supreme Court will not allow a *remittitur* of part of the judgment and affirm as to part, but will reverse and remand for a new trial. Railway Co. *v.* Day, 67 Miss. 227; 7 So. 349.

A president of a bank may, on sufficient consideration, contract with a judgment debtor of the bank to enter a remittitur. Case *v.* Hawkins, 53 Miss. 702.

An attorney of record may, on verbal authority from plaintiff, enter a *remittitur* of a judgment, or if plaintiff is a corporation, on verbal authority from its president. Case *v.* Hawkins, 53 Miss. 702.

The following section of the Code of 1906 is the first legislative enactment on the subject of a *remittitur:*

"The Circuit Court shall not in any case have authority to cause the plaintiff to enter a *remittitur* on pain of suffering a new trial, but if there is no other error committed during the trial of such cause except that the verdict is, in the opinion of the court, excessive, the court shall overrule the defendant's motion for a new trial. But the Supreme Court may, when it thinks the verdict of the jury excessive, reverse the case unless the appellee will enter a *remittitur* in such a sum as the Supreme Court shall direct." Code of 1906, § 4910.

worth $15; bought and paid for 263 lbs. of nails at 6 cents per pound, which he used in the improvements on the place; furnished seven bushels of corn to feed defendant's team, worth $1 per bushel; had six thousand rails split at 75 cents per 100; had sixteen hundred and seventy-five posts split at 75 cents per 100; paid $28 for hauling and $30 for cleaning out fence rows; put up a mile and a half of fence, which cost $30; put up three miles of fence, worth $15 per mile; paid for 100 lbs. of wire at 9 cents per pound; dug a well which cost $34, and bought a well-bucket and rope for $2.45, and paid a blacksmith bill for defendant of $3.50; split ten thousand boards at 30 cents per hundred; that he managed defendant's place to the best of his ability and was ready and willing to carry out the contract and did not agree to bring ten hands to the place; that the rent of the one hundred acres he was to get was worth $180 per year.

On cross-examination, he stated that some of the cabins built were on the land he was to cultivate, and the contract did not require defendant to pay for cabins used by him. He was shown a statement of the indebtedness to him in an account made out by him before suit was filed; this itemized statement was different from the one filed with his declaration, and amounted to $335.40. He stated that this was an offer to compromise; that defendant's rent for the year 1881 was eight bales of cotton. An agreement to submit the matter to arbitration was shown, and the finding of the arbitrators to the effect that the fences and cabins were worth $150. He admitted that he owed defendant one item in her setoff of $56.40. J. T. McDowell, for plaintiff, testified that the Anderson place was badly out of repair when plaintiff took charge of it; that he saw most of the improvements made by plaintiff, and his charges therefor were very reasonable.

One Axton testified for defendant that he did some hauling, charged $3 per day for himself and teams, and was paid by Mrs. Anderson. David Newsom testified that he put up some of the fence and was paid for the work by Mrs. Anderson. R. D. Anderson testified that he paid one hand to split some of the boards; that his mother, defendant, had not paid for the improvements made by plaintiff, except by the setoff filed. Knows nothing of the correctness of the items in the setoff.

Plaintiff, in rebuttal, testified that he only charged for work

he did, and the work paid for by Mrs. Anderson was not included in his demands.

Defendant's motion for a new trial was overruled, and she appeals.

Appealed from Circuit Court, Hinds county, second district, T. J. Wharton, Judge.

*Attorneys for appellant, Calhoon & Green.*

*Attorneys for appellee, J. K. McNeely, and C. M. Williamson.*

Brief of Calhoon & Green:

The jury manifestly availed themselves fully of the erroneous first charge given them at the instance of Warrick, by which they were directed to give him such damages as they saw proper. For the error in granting this charge, we submit, on the facts of this record, the case must be reversed. It is based on the ouster of Warrick by Anderson, and yet gives the jury the range of the whole evidence, the greater part of which has no pertinency to the tort, and allows them to consider implied *assumpsit* as to matters wholly disconnected from any wrong in determining damages *ex delicto.*

By Warrick's own showing, granting all he claims, which he had tried to prove, and we have rental value, 100 acres for four years, $720, and total his account testified about, $388.50, making $1,108.50. Deducting offset, admitted correct, of $56.40, and also deducting value of five bales of cotton, admitted, $200, and the extreme limit of the verdict is $852.10.

The monstrous character of this verdict outrages the sense of right of counsel themselves, and compels them to remit all in excess of $500, and they ask affirmance for that—less than half the verdict. This court will find even $500 grossly excessive, and will, we hope, reverse the case in *toto* and order a new trial.
\*   \*   \*

Brief of McNeely & Williamson:

\*   \*   \*   Let us look to the damages which resulted to appellee beyond the actual money expended for appellants in the way of improvements by reason of his wrongful discharge or evic-

tion. Whatever construction may be put on the contract sued on, it unquestionably involves the five years' lease of 100 acres of land to Warrick by Mrs. Anderson, and he lost the use of the land by the discharge or eviction. The question then presents itself, what was the damage to Warrick by reason of his being deprived of the use of the land? This question is legally answered by showing the cost of putting himself in as profitable a position as he was before the eviction.

Before eviction or discharge, Warrick was in a settled home, with the free use of 100 acres of land for five years, with his provisions, teams, etc., around him, and, as the proof shows, making a living, which, he says, was $1,200 or $1,500 a year, and had the rents of the hundred acres of land free. After being discharged or evicted, he has used the necessary diligence required by law, but says, with that diligence, he is only able to make his living, $1,500, and has, besides that, to pay rent (five bales of cotton) for land, and was put to the trouble, expense, and annoyance of moving and fixing up a new home.

This is all to be done after he has spent his money in fixing up the Anderson place, which she (Mrs. Anderson) refuses to refund. Could the jury have said, and can this court say, there is no damage in this? The proof showed the 100 acres of land to be worth $180 per year, and the four years would make $720; amount of improvements, etc., $417. Take out of this the admitted offset of $56.40, and the balance is $361.12. Interest on this to date of trial is $23.68, making $384.80, which, added to the $720, makes $1,104.80, total damages and verdict.

From this calculation the court can readily see how the jury reached their verdict. They allowed all the rent for four years, the cost of improvements proven, with interest, and deducted the admitted offset of $56.40 for the cow, furniture, etc.

This clearly was the calculation made by the jury, and on this they rendered their verdict. We call the attention of the court to the calculation made by attorneys for appellant on the first page of their brief for the purpose of pointing out a manifest error. The learned counsel claim that by that calculation they show error in the verdict, even if they allow all that Warrick claimed. They claim that Warrick admits a credit of the proceeds of five bales of cotton, $200, and the jury include it in their verdict. We respectfully call the attention of the court to an agreement of the

parties, in which it is. distinctly agreed that the proceeds of the five bales of cotton should be credited on whatever judgment was obtained by Warrick. The jury knew nothing of this five bales of cotton, no allusion having been made to it on the trial. When the case is ended, of course, that much will be considered as paid on the judgment, and the court will see from the record that, by agreement, the cotton is now in the hands of one McDowell, to be paid to Warrick if he gains the suit, or to Mrs. Anderson in case of her success. Counsel are, therefore, manifestly in error when they bring that cotton into their calculation.

We have shown that Warrick has been damaged by his ouster or discharge to the extent of the improvements made, and to the amount of the rent of the 100 acres of land, and cost, expense, and trouble of moving. Now, if the discharge or ouster by Mrs. Anderson was wrongful, then she is liable for the damages proven to be the result of her wrongful acts. * * *

Now, is the verdict excessive in view of the law and the evidence? We have shown by calculation that they, the jury, include in their verdict the damages proven, and nothing more, not allowing anything for the expenses connected with moving from the Anderson place. But, to save any argument on this point, we propose to enter a *remittitur* of all the judgment except $500, which amount will include the amount of improvements and one year's rent. It may be proper to say in this connection that this offer to remit was made in the court below, but was rejected by defendants, who stated they would appeal whether there was a *remittitur* or not. This does not appear of record, however. No one can say that, if any damages under the law and the evidence are allowable, $500 will be excessive. * * *

OPINION.—CAMPBELL, C. J.:

The verdict in this case was grossly excessive, and is unaccountable, except on the supposition of a misconception of the rights of the parties. The counsel for the appellee propose to remit all of the sum adjudged to him except $500.

It is discretionary with this court to enter judgment here upon a *remittitur,* or to remand the case for a new trial, and, in the exercise of this discretion, we decline to enter judgment now for $500, because it seems to us that the appellee is not entitled to recover so much as that.

*The judgment will be reversed,* and the cause remanded for a new trial, unless the appellee will remit all but $300, upon doing which he may have judgment here for that sum.